IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RUPERT, ET AL., | No. C 10-00721 SI |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| BARBARA J.R. JONES, ET AL., | |
| Defendants. | |

On September 17, 2010, the Court held a hearing on the Motions to Dismiss brought by defendants Barbara J.R. Jones, Ronald M. George, Yvonne Busch, and Rick Ward. For the reasons set forth below, the Court GRANTS those defendants' Motions to Dismiss.

**BACKGROUND**

This case stems from the seizure and sale of real property located in Point Arena, California ("Property") by the Mendocino County Sheriff's Office on July 10, 2001. First Amended Complaint ("FAC") ¶¶ 4-5. Plaintiffs allege that the seizure and sale suffered from various substantive and procedural defects, arguing that the Sheriff's Deed was "void *ab initio*" and the tax liabilities that led to an execution lien and eventually the sale were "mistakenly and erroneously" assessed. *Id.*, ¶¶ 4-5, 13. Plaintiffs assert that the Property, at the time of the seizure and sale, was owned by Ronald E. Bushnell and that when Mr. Bushnell died in March 2002, plaintiff Slater received a quit claim deed to the Property through probate. *Id.*, ¶ 4, 12. Plaintiff William Rupert alleges he received a 50% interest in the Property by a Deed of Gift from plaintiff Slater. *Id.*, ¶ 5.

In July 2002, after the death of Bushnell, plaintiff Slater filed an action for quiet title in state

court. *Id.*, ¶ 12.[1] In her state court First Amended Complaint, she added causes of action for violations of California Franchise Tax Board ("FTB") regulations and procedures; fraud, deceit and misrepresentation; extortion or wrongful taking under color of right; due process violations under 42 U.S.C. section 1983; refund of taxes; declaratory relief and specific performance; conspiracy; and punitive damages. *See* RJN, Ex. A. Defendants Yvonne Busch and Rick Ward, employees of the FTB, were named as defendants in the state court action. *Id.*

Plaintiff Slater's claims, with respect to defendants Busch and Ward, were dismissed without leave to amend and that decision was affirmed on appeal. RJN, Ex. B at 1. However, after an appeal by other defendants, the Superior Court reheard Busch and Ward's demurrer as to plaintiff's Section 1983 cause of action and on December 2, 2005, the Court dismissed that claim on the ground that defendants were not "persons" within the meaning of Section 1983 and that Slater's Section 1983 claim was barred by the statute of limitations. Ex. B at 2-3 and Ex. A thereto at 2-3. The Superior Court entered judgment on Slater's claims on March 24, 2006. RJN, Ex. B. In her appeal of the judgment, Slater argued that: (1) she should have been allowed to amend her complaint to state a claim for inverse condemnation; (2) defendants were "persons" within the scope of Section 1983; and (3) that the Superior Court wrongly decided the statute of limitations issue. RJN, Ex. C.

On November 13, 2007, the Court of Appeal affirmed the judgment, holding that Slater's cause of action under Section 1983 was barred by the then one-year statute of limitations as plaintiff's cause of action for quiet title – which was the sole claim alleged in the initial complaint – accrued well over a year before Slater's complaint was filed. RJN, Ex. D at 5-8. On December 17, 2007, the Court of Appeal filed an amended opinion, adding a section explicitly rejecting Slater's argument that she should have been allowed to amend her complaint to state a claim for inverse condemnation. RJN., Ex. E.

---

[1] Defendants Busch and Ward request that the Court take judicial notice ("RJN") of various documents from plaintiff Slater's state court action, including: the First Amended Complaint filed in Mendocino County; the March 24, 2006 judgment from the Mendocino County Superior Court; the opening brief in plaintiff's appeal; the original and modified opinions of the California Court of Appeal; and the February 20, 2008 Order of the California Supreme Court denying plaintiff Slater's petition for review. As this Court may take judicial notice of each of these documents, defendants' request [Docket No. 50] is GRANTED. *See e.g.*, *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of state court pleadings, decisions and opinions in order to determine what was alleged and litigated in state court).

The Court held that plaintiff Slater could not state a claim for inverse condemnation because the loss of the Property was not through an assertion of eminent domain by the State, but through the seizure and sale of property for delinquent taxes. *Id.* at 2. Plaintiff Slater's petition for review to the California Supreme Court was denied on February 20, 2008. RJN, Ex. F.

On February 19, 2010, plaintiffs filed a Complaint in this Court, and then filed a First Amended Complaint on June 8, 2010. The FAC alleges claims for violation of plaintiffs' right to petition under the First Amendment against defendants George and Jones; violation of the Fourth Amendment against defendant Busch due to the seizure of plaintiffs' Property through defendant Busch's tax collection and enforcement actions at the FTB; violation of the Fifth Amendment against all defendants for the unconstitutional deprivation of the Property; violation of the Fourteenth Amendment's due process and equal protection guarantees against all defendants by the application of Code of Civil Procedure section 701.680; violation of "civil rights" against various defendants for failure to train and maintenance of unlawful customs and policies which led to the deprivation of their Property; and claims for declaratory and injunctive relief.

The FAC explains that the purpose of this case is two-fold. First, plaintiffs seek vindication for their constitutionally protected property rights and just compensation for their federal inverse condemnation action. FAC ¶ 14. Second, plaintiffs seek declaratory and injunctive relief to "correct and eliminate" the effect of California Code of Civil Procedure section 701.680, which sets the time for moving to set aside a properly conducted execution sale. *Id.*, ¶¶ 17-19. In addition to their request for declaratory and injunctive relief, plaintiffs seek damages of no less than $2,000,000 dollars as well as special and punitive damages. *Id.*, at 32-22.

Defendants Barbara J.R. Jones (a Justice on the California Court of Appeal) and Ronald M. George (the current Chief Justice of the California Supreme Court, collectively, "Judicial Defendants") move to dismiss the FAC under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(e), 8(a) and 8(e), arguing that plaintiffs' causes of action are barred by judicial immunity and plaintiffs cannot state a claim against the Judicial Defendants as a matter of law. Defendants Yvonne Busch and Rick Ward (former employees of the FTB, "FTB Defendants") move to dismiss under Rule 12(b)(1), 12(b)(5) and 12(b)(6), arguing that *res judicata* bars plaintiffs' claims against the FTB Defendants, plaintiffs fail to

3

state a claim as a matter of law, and plaintiffs have not properly served the FTB Defendants.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v.*

4

*Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

## DISCUSSION

**1. Judicial Defendants' Motion to Dismiss**

**A. Plaintiffs' Damages Claims Are Barred**

A state judge is absolutely immune from civil liability for damages for acts performed in his or her judicial capacity. *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Whether an act by a judge is a judicial one relates to (1) the nature and function of the act and not the act itself, *i.e.*, whether it is a function normally performed by a judge, and to (2) the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *see also Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (other factors to consider in determining whether a particular act is judicial include whether the events occurred in the judge's chambers, whether the controversy centered around a case then pending before the judge, and whether the events arose directly and immediately out of a confrontation with the judge in his or her official capacity). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. at 356-57 (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872)); *see also Mireles*, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice); *Sadorski v. Mosley*, 435 F.3d 1076, 1079 n.2 (9th Cir. 2006) (mistake alone is not sufficient to deprive a judge of absolute immunity).

Here, the only factual allegations made against the Judicial Defendants are that they decided plaintiff Slater's appeal or denied plaintiff Slater's petition for review to the California Supreme Court. Despite plaintiffs' attempt to argue that judicial immunity does not apply because the judicial defendants have been sued in their "individual capacities," Oppo. at 10, there are *no* facts alleged that show that these judicial defendants took any action other than deciding the appeal or the petition for review. As

5

such, the judicial acts taken by the defendants fall squarely within the jurisdiction of state appellate and Supreme court judges and, therefore, cannot give rise to liability for damage.

Finally, plaintiffs' argument that since this case boils down to a takings claim under the Fifth Amendment (which became ripe only after the February 2008 denial of Slater's petition for review), plaintiffs should now be allowed to assert their takings claim against the Judicial Defendants, is likewise misplaced. Oppo. at 7. The relief in a takings claim is damages. *See, e.g., Daniel v. County of Santa Barbara,* 288 F.3d 375, 384 (9th Cir. 2002) ("it is the very essence of an ordinary takings claim that the property owner cannot prevent the governmental body from regulating or seizing the property, provided that just compensation is paid"). The only acts plaintiffs allege were taken by the Judicial Defendants were acts taken in their judicial capacity. The takings claim, therefore, is likewise barred by judicial immunity, even if it could otherwise be properly asserted in this case.

For the foregoing reasons, the Judicial Defendants have absolute judicial immunity for the damages claims against them.

### B. Plaintiffs' Claims for Injunctive and Declaratory Relief Are Barred

Plaintiffs' claims for declaratory and injunctive relief, to the extent they seek to annul or invalidate the state court decisions refusing to return the Property or otherwise provide relief to plaintiff Slater for its seizure and sale are barred by the *Rooker-Feldman* doctrine. *See* FAC at ¶¶ 14-16 (noting that plaintiffs seek to vindicate their real property rights and correct the decision of Justice Jones). *Rooker-Feldman* bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc*., 359 F.3d 1136, 1139 (9th Cir. 2004). In *Noel v. Hall*, the Ninth Circuit explained the doctrine as follows:

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party*, Rooker-Feldman* does not bar jurisdiction.

*Id*., 341 F.3d at 1164.

Here, plaintiffs had ample opportunity to pursue their claims related to the Property in state court. The fact that those efforts were unsuccessful, and that plaintiffs disagree with the conclusions

6

reached by the state courts, does not allow them to attack those decisions here.

Plaintiffs' claims for declaratory and injunctive relief challenging the constitutionality of California Code of Civil Procedure section 701.680 cannot be stated against Justices Jones and George. *See* ¶¶ FAC 17-19. Generally, judges are "not proper party defendants in § 1983 actions challenging the constitutionality of state statutes." *In re the Justices of the Supreme Court of Puerto Rico*, 695 F.2d 17 (1st Cir. 1982) ("*In re Justices*"); *see also id.* at 21 (noting that "ordinarily, no 'case or controversy' exists between a judge who adjudicates claims under a statute and a litigant who attacks the constitutionality of the statute," because when judges act as neutral adjudicators they do not have legal interests adverse to the interests of the litigants).

Plaintiffs attempt to avoid this result here by arguing that the judicial defendants have been sued in their "administrative capacities," citing *Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004). In *Wolfe*, the plaintiff brought a Section 1983 challenge against California's vexatious litigant statute, where the list of vexatious litigants is maintained and disseminated by the Judicial Council of California. In *Wolfe*, the Ninth Circuit held that because Chief Justice George could be characterized as an "administrator" of the vexatious litigant statute, given his role as chair of the Judicial Council, he was a proper defendant in a section 1983 claim challenging the constitutionality of the statute. As the Court in *Wolfe* made clear, however, where a judge is acting as an "adjudicator" and applying a state statute, the judge is not a proper defendant in a section 1983 action challenging the constitutionality of a state law. *Id*. at 365 (citing *Grant v. Johnson*, 15 F.3d 146, 148 (9th Cir. 1994)). Here, plaintiffs are suing Justices Jones and George solely as a result of those Justices' application of California laws, including C.C.P. section 701.680. As such, they are not proper defendants for plaintiffs' attempt to challenge that statute.[2]

For the foregoing reasons, plaintiffs' claims against the Judicial Defendants are barred and cannot be stated as a matter of law. The FAC is DISMISSED as to the Judicial Defendants WITH PREJUDICE.

---

[2] As plaintiffs' claims are barred by judicial immunity and the *Rooker-Feldman* doctrine, and as the Judicial Defendants cannot be sued in a challenge to Section 701.680, the Court need not reach the Judicial Defendants' arguments that plaintiffs' claims are also barred by the Eleventh Amendment and Anti-Injunction Act.

**2.     FTB Defendants' Motion to Dismiss**

Under the doctrine of *res judicata* (also known as the claim preclusion doctrine), "a final judgment on the merits of an action preludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . . Under collateral estoppel [also known as the issue preclusion doctrine], once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). *Res judicata* will bar a later suit where the first case, "(1) involve[d] the same 'claim' as the later suit, (2) ha[s] reached a final judgment on the merits, and (3) involve[d] the same parties or their privies." *Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1404 (9th Cir. 1993).

Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). A civil rights claim brought under 42 U.S.C. § 1983 in federal court is subject to principles of issue and claim preclusion by a prior state court judgment. *See Allen*, 449 U.S. at 97-98 (issue preclusive effect in federal court of state proceedings is same as that accorded in state's own courts); *Migra*, 465 U.S. at 84 (extending rule of Allen to cover claim preclusion as well as issue preclusion). A civil rights action under § 1983 thus may be dismissed as barred by *res judicata*, for example, if a prior California state court judgment rendered a valid judgment on the merits in favor of a defendant. *See Takahashi v. Bd. of Trustees*, 783 F.2d 848, 850-51 (9th Cir. 1986) (citing *Slater v. Blackwood*, 15 Cal.3d 791, 795 (1976)).

**A. Same Claims**

In determining whether successive claims constitute the same cause of action, the Court will consider, "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Costantini v. Trans World Airlines*, 681

8

1 F.2d 1199, 1201-02 (9th Cir.), *cert denied*, 459 U.S. 1087 (1982). "The last of these criteria is the most important." *Id*. at 1202. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992). A review of the state court complaint shows the claims against the FTB defendants were based on allegations that the FTB defendants falsified tax records and failed to follow appropriate FTB regulations and procedures. *See* RJN at Ex. A, ¶¶ 1, 3, 12-13, 26-32, 37-40, 130-34. The facts asserted in this action are substantially similar.

Moreover, the claims asserted in this case – including the causes of action for a Fourth Amendment violation for the illegal and unconstitutional seizure of the Property due to Busch's reckless actions in 1998 and 1999, a Fifth Amendment takings claim, a Fourteenth Amendment violation of plaintiffs' rights to due process and equal protection due to the FTB defendants' alleged failures to follow FTB regulations and procedures, and violation of "civil rights" based on the FTB's "unconstitutional" tax warrants – were either raised in the prior lawsuit or were so closely related to the facts at issue there, they should have been raised. *See International Union of Operating Engineers-Employers Constr. Indus. Pension, etc. v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) ("res judicata bars not only all claims that were actually litigated, but also all claims that 'could have been asserted' in the prior action.").

Plaintiffs argue that their federal takings claim was not raised in the prior lawsuit, because it only became ripe upon the denial of the petition for review by the California Supreme Court in February 2008. This argument does not succeed. As the Ninth Circuit recently held, where the substance of a state court action and a subsequent federal court takings action are substantially similar – in terms of the factual circumstances pled and the relief sought – the federal takings action is barred by *res judicata*. *Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142. 1149 (9th Cir. 2010). This is true even if the federal takings claim only became ripe after the conclusion of the state court action. *Id.* at 1149-50 (recognizing that this rule "will prevent many takings plaintiffs from asserting their causes of action in federal court"). This is exactly the situation here. Plaintiffs' federal takings claim is based on the same facts as alleged in the state court action and the relief sought here, compensation for the loss of the property (FAC at 32), is the same as the relief sought in the state court action. *See, e.g.,* RJN, Ex.

9

A at ¶ 137.[3]

For the foregoing reasons, this Court finds that the "same claims" at issue in this case were or could have been litigated in the state court action.[4]

### B. Final Judgment on the Merits

Plaintiffs argue that no judgment on the merits was issued in state court, and therefore, *res judicata* cannot bar their claims in this action. However, the Superior Court dismissed plaintiff Slater's Section 1983 claim on two grounds. The first ground was because the statute of limitations had run on Slater's Section 1983 claim. RJN, Ex. B & Ex. A thereto at 2; *see also* Ex. D at 5-8 (Court of Appeal affirming dismissal on statute of limitations). The second ground was because the Superior Court concluded that plaintiff could not assert a Section 1983 claim against the FTB defendants because the FTB defendants were not "persons" within the meaning of Section 1983. RJN, Ex. B & Ex. A thereto at 2. Therefore, even if the demurrer on the statute of limitations ground could not operate as a determination on the merits, *see, e.g., Koch v. Rodlin Enters.*, 223 Cal. App. 3d 1591, 1596 (Cal. App. 1990), the determination that the FTB defendants were not persons within Section 1983 was. Likewise, the Court of Appeal's determination that plaintiff Slater could not assert an inverse condemnation claim, was a determination on the merits. RJN, Ex. E at 1-2.

### C. Same Parties

Plaintiffs do not dispute that FTB defendants Busch and Ward were named as defendants in plaintiff Slater's state court First Amended Complaint. RJN, Ex. A. Plaintiffs do not dispute that plaintiff Rupert's interest in the Property is derived solely from a gift from plaintiff Slater. As such,

---

[3] Moreover, even assuming that a takings claim can be alleged on the facts of this case, the only way the FTB could be theoretically liable for the alleged taking, would be if the FTB violated Mr. Bushnell's due process rights with respect to notice of the tax assessments. *See, e.g., Jones v. Flowers*, 547 U.S. 220, 234 (2006). However, the due process claim based on alleged irregularities with the tax assessments and enforcement action was rejected by the Court of Appeal. RJN, Ex. D at 6-8.

[4] With respect to plaintiffs' constitutional challenge to C.C.P. section 701.680, even if that claim were properly pled in this case, it cannot lie against the former FTB defendants who had no apparent role in passing, invoking or applying that statute.

although he was not named as a party in the state court action, plaintiff Rupert is in privity with plaintiff Slater. *See, e.g., Clemmer v. Hartford Ins. Co.*, 22 Cal. 3d 865, 875 (1978) (privity in California law "has also been expanded to refer to a mutual or successive relationship to the same rights of property, or to such an identification in interest of one person with another as to represent the same legal rights."); *see also Nordhorn v. Ladish Co., Inc*., 9 F.3d 1402, 1405 (9th Cir. 1993) (the Ninth Circuit has held that "when two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other.") (citations omitted). Here, plaintiff Rupert's interests in the property are identical to plaintiff Slater's. That finding is amply demonstrated by the fact that plaintiff Rupert raises no new allegations in this case that would support an argument that his interests in the Property are any different from Slater's, or that there are facts particular to Rupert that would have caused him to litigate the state court claims in a different manner than Slater. Instead, as noted above, the factual allegations in both complaints are substantially similar.

As such, the Court finds that plaintiffs' claims against the FTB defendants are barred by *res judicata* and the FAC is DISMISSED as to defendants Busch and Ward WITH PREJUDICE.[5]

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' Motions to Dismiss. Defendants Jones, George, Busch and Ward are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: September 29, 2010

SUSAN ILLSTON
United States District Judge

---

[5] As the Court is dismissing the claims against the FTB defendants under *res judicata*, the Court need not reach the many other grounds, which appear to be well-taken, that would preclude the claims against the FTB defendants. *See* FTB Defendants' Motion at 7-13.